The Honorable Steve Bell State Senator 500 East Main — Suite 208 Batesville, Arkansas 72501
Dear Senator Bell:
This is in response to your request for an opinion concerning the City of Patterson's authority to patrol a section of Highway 64. You have attached a copy of a letter from Mr. Joe N. Peacock of McCrory which indicates that "the City of Patterson has no jurisdiction upon this U.S. Highway, as the highway was dedicated to the state and/or the U.S. Government prior to the incorporating of the northern part of Patterson into the city limits." Due to the factual nature of the issue presented, I cannot conclusively opine on whether the City of Patterson has the authority to patrol the particular section of Highway 64 identified in the attached letter. It is, however, my opinion that the City of Patterson generally has the authority to patrol those parts of a state highway that are within its territorial limits.
It is my understanding that the particular section of Highway 64 referred to in the attached letter is within the corporate limits of the City of Patterson. The Uniform Act Regulating Traffic on Highways of Arkansas, A.C.A. § 27-49-101 et seq., governs the operation of vehicles upon highways. Arkansas Code Annotated § 27-49-106(b) (Supp. 1997) permits local authorities to regulate traffic by means of police officers on "streets and highways under their jurisdiction. . . ." See also Op. Att'y Gen. 96-125. A municipality is a "local authority" as that term is used in A.C.A. § 27-49-106. See A.C.A. § 27-49-207 (Repl. 1994). It is my opinion that a highway is under the jurisdiction of a municipality, as contemplated in A.C.A. § 27-49-106, if the highway is within the territorial limits of the city. It is immaterial that the highway was not originally within the territorial limits of the city and that the highway has not been "deeded" to the city. It should, however, be stated that municipal police are prohibited from patrolling limited access highways, except as authorized by the Director of the Arkansas State Police. A.C.A. § 12-8-106 (Supp. 1997); see also A.C.A. § 27-68-101 et seq.
(controlled access highways).
The letter attached to your request further states that "[t]here is no purpose to patrol U.S. Highway 64 other than to gather revenue for the City of Patterson, which is a violation of Arkansas law." Under the Arkansas Speed Trap Law, A.C.A. § 12-8-401 et seq., it is an abuse of police power to enforce the criminal and traffic laws on an "affected highway" for the principal purpose of raising revenue for the municipality, rather than for protecting the public safety and welfare.See Op. Att'y Gen. 95-399. Whether a municipality is "abusing police power" presents a question of fact which cannot be answered in an Attorney General opinion.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh